UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

HELENE ANDREADAKIS,

                *Plaintiff*,

– against –

JUSTICE JEFFREY A. GOODSTEIN, *et al.*,

                *Defendants*.

**MEMORANDUM & ORDER**
25-cv-03372 (NCM) (CLP)

---

**NATASHA C. MERLE,** United States District Judge**:**

On June 16, 2025, *pro se* plaintiff Helene Andreadakis filed this civil action against defendants Justice Jeffrey A. Goodstein, Thomas Andreadakis, Leo Andreadakis, Copper Service LLC, Paramount Services of NY LLC, Acquisition Capital LLC, Acquisition Debt Bridge LLC, the City of New York Department of Finance, and five "John Does." Compl., ECF No. 1. Plaintiff filed her complaint together with an application for an order to show cause for a preliminary injunction and temporary restraining order. Emergency Order to Show Cause, ECF No. 3 ("OTSC"). For the reasons stated below, plaintiff's request for preliminary relief is DENIED and her complaint is DISMISSED.

## BACKGROUND

Plaintiff seeks relief in connection with events arising out of various state court proceedings. Specifically, plaintiff requests the Court's intervention in: (1) a mortgage foreclosure action commenced in Queens County Supreme Court by defendant Acquisition Debt Bridge LLC, *Acquisition Debt Bridge LLC v. Carlen Realty LLC et al.*, Index No. 711019/2024 (N.Y. Sup. Ct. Queens Cnty.) ("Foreclosure Action"); (2) a civil

1

action commenced by defendant Copper Services LLC against plaintiff for various common law claims in Queens County Supreme Court, *Copper Services, LLC v. Andreadakis*, Index No. 727153/2023 (N.Y. Sup. Ct. Queens Cnty.) ("Constructive Trust Action"); and (3) divorce proceedings between plaintiff and her estranged husband, defendant Thomas Andreadakis, commenced in Nassau County Supreme Court, *Andreadakis v. Andreadakis*, Index No. 800818/2023 (N.Y. Sup. Ct. Nassau Cnty.) ("Matrimonial Action"). Compl. ¶¶ 33–38.

The essence of plaintiff's complaint is that defendants "coordinated to deprive [plaintiff] of federally protected rights." Compl. ¶ 8. Plaintiff alleges that this scheme stems from Thomas's conviction for certain federal tax crimes. Compl. 1–2,[1] ¶ 65. Following his conviction, Thomas "was subject to an active restitution obligation" which encumbered certain of plaintiff and Thomas's marital assets. Compl. ¶¶ 53, 65. Among the assets encumbered was real commercial property located at 10-01 37th Avenue in Long Island City, New York ("Commercial Property"). Compl. ¶¶ 35, 53. The property was leased in the name of Carlen Realty, LLC, a "marital entity." Compl. ¶ 35. In addition to the restitution order, Thomas was incarcerated for his tax crimes. *See* Compl. ¶¶ 37, 88. While Thomas was incarcerated, defendant Copper Services LLC initiated the Constructive Trust Action seeking a constructive trust over the Commercial Property. Compl. ¶ 88. Defendant Leo Andreadakis, Thomas's son, served as Copper Services LLC's CEO at the time the Constructive Trust Action was initiated. Compl. ¶ 88.

In 2023, Thomas filed for divorce from plaintiff. *See* Compl. ¶ 36. After filing for divorce, Thomas stopped making rental payments on the lease for the Commercial

---

[1] Throughout this Opinion, page numbers for docket filings refer to the page numbers assigned in ECF filing headers.

2

Property. Compl. ¶ 36. According to plaintiff, this nonpayment was "deliberate" and part of a "strategic depletion of [Thomas's] financial estate." Compl. ¶ 39. Because of the nonpayment of rent, defendant Acquisition Debt Bridge LLC, current holder of the note and mortgage for the Commercial Property, commenced foreclosure proceedings. Compl. ¶ 21. A motion for summary judgment has been filed in the Foreclosure Action, and a hearing on the motion is scheduled for July 7, 2025. Compl. ¶ 93.

Plaintiff also alleges a "pattern of procedural suppression" in connection with the Matrimonial Action. Compl. ¶ 89. Specifically, plaintiff alleges that defendant Justice Jeffrey A. Goodstein, the presiding judge in the Matrimonial Action, "and court staff identified as John Does 1–5," refused to adjudicate motions and act upon various filings submitted in the Matrimonial Action. See Compl. ¶ 7. Because of these "irregularities," plaintiff sought mandamus relief from the Second Department's Appellate Division compelling Justice Goodstein to rule on plaintiff's pending motions. See Compl. ¶ 91. Plaintiff's request was denied. Compl. ¶ 92.

On June 16, 2025, plaintiff filed the instant action alleging various constitutional, statutory, and common law claims in connection with the state court proceedings. Plaintiff seeks a declaration (1) that Justice Goodstein and court staff violated her First and Fourteenth Amendment rights; (2) that Thomas, Leo, and Copper Services LLC engaged in an unlawful conspiracy; (3) that the Constructive Trust Action constitutes an abuse of legal process; and (4) that defendants are estopped from repudiating the commercial lease agreement. Compl. 39. Plaintiff further seeks an order: (1) staying the foreclosure, sale, auction or involuntary sale of the Commercial Property; (2) enjoining enforcement of the Constructive Trust Action; (3) directing the production of "all restitution-relevant records"; and (4) prohibiting defendants "from using procedural

3

restrictions . . . to suppress [p]laintiff's filings." Compl. 40. The day after her complaint was filed, plaintiff attended a settlement conference in Justice Goodstein's chambers in the Matrimonial Action. *See* Pl.'s Letter dated June 17, 2025, ECF No 7. Plaintiff alleges that the conference "confirm[ed] that the suppression of judicial activity alleged in the complaint remains ongoing." Pl.'s Letter dated June 17, 2025, ECF No 7. Alongside her complaint, plaintiff also filed a proposed order to show cause, seeking a preliminary injunction or temporary restraining order enjoining defendants from taking any action that may interfere with her interest in the Commercial Property. *See generally* OTSC.

## STANDARD OF REVIEW

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).[2] "A claim is plausible when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although all factual allegations contained in the complaint are assumed to be true, this rule does not apply "to legal conclusions" or "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678.

Federal courts have limited subject matter jurisdiction, restricting the types of cases they can hear. *See Funk v. Belneftekhim*, 861 F.3d 354, 371 (2d Cir. 2017). There are two types of federal subject matter jurisdiction: federal question jurisdiction, which requires a claim based on a federal law, see 28 U.S.C. § 1331, and diversity jurisdiction, which requires a lawsuit with a value of greater than $75,000 and in which no defendant

---

[2] Throughout this Opinion, the Court omits all internal quotation marks, footnotes, and citations, and adopts all alterations, unless otherwise indicated.

lives in the same state as the plaintiff, see 28 U.S.C. § 1332. The plaintiff bears the burden of establishing either type of subject matter jurisdiction. *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). If the Court "determines it lacks subject matter jurisdiction," it must "'dismiss the complaint in its entirety.'" *Do No Harm v. Pfizer Inc.*, 96 F.4th 106, 121 (2d Cir. 2024) (*quoting Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006) and citing U.S. Const. art. III, § 2).

Where a plaintiff is proceeding *pro se*, the Court "construe[s] [the plaintiff's] submissions liberally, as raising the strongest arguments they suggest." *Whitfield v. City of New York*, 96 F.4th 504, 518 (2d Cir. 2024); *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (explaining that non-attorney *pro se* litigants are not expected to meet the standards for "formal pleadings drafted by lawyers"). If it is possible that "a valid claim might be stated," the Court should give the *pro se* plaintiff an opportunity to amend the complaint. *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000). Where amendment would be "futile," leave to amend the complaint should be denied. *Id*.

Regardless of whether a plaintiff has paid the filing fee, a district court has the inherent power to dismiss a case, *sua sponte*, if it determines that the action is frivolous or the court lacks jurisdiction over the matter. *See Fitzgerald v. First East Seventh St. Tenants Corp.*, 221 F.3d 362, 363–364 (2d Cir. 2000); *see also Jean-Baptiste v. Westside Donut Huntington Ventures LLC*, No. 23-826, 2023 WL 8015698, at *1 (2d Cir. Nov. 20, 2023) (summary order) (affirming *sua sponte* dismissal of *pro se* complaint without prior notice to plaintiff and reiterating that "[a] district court has the inherent authority to dismiss a complaint *sua sponte*, even when the plaintiff has paid the filing fee, when it is clear that the claims are frivolous"); Fed. R. Civ. P. 12(h)(3). "[F]ailure of subject matter jurisdiction is not waivable and may be raised at any time by a party or by the court *sua*

*sponte*. If subject matter jurisdiction is lacking, the action must be dismissed." *Lyndonville Sav. Bank & Tr. Co. v. Lussier*, 211 F.3d 697, 700-01 (2d Cir. 2000); *see* Fed. R. Civ. P. 12(h)(3).

## DISCUSSION

### A. Domestic Relations

It is well-settled that "[t]he whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the states and not to the laws of the United States." *Ex parte Burrus*, 136 U.S. 586, 593-94 (1890); *see also United States v. Windsor*, 570 U.S. 744, 766 (2013). Thus, the domestic relations abstention doctrine in federal question cases requires federal courts to abstain from interfering in state cases raising family law or domestic relations issues. *See Am. Airlines, Inc. v. Block*, 905 F.2d 12, 14 (2d Cir. 1990). Here, although plaintiff "invokes h[er] constitutional rights, the substance of h[er] claims concern state law domestic relations matters." *Sullivan v. Xu*, No. 10-cv-03626, 2010 WL 3238979, at *2 (E.D.N.Y. Aug. 13, 2010). Thus, to the extent plaintiff seeks relief in connection with events arising directly from or within the Matrimonial Action, the Court lacks subject matter jurisdiction. *See id.* (collecting cases); *see also Deem v. DiMella-Deem*, 941 F.3d 618, 625 (2d Cir. 2019).[3]

---

[3] In addition, plaintiff's allegations against Justice Goodstein and the "John Doe" court staff involved in the Matrimonial Action is foreclosed by the doctrine of absolute judicial immunity, which extends to court staff. Judges and court staff have absolute immunity from suits for damages arising out of judicial acts performed in their judicial capacities. *See Butcher v. Wendt*, 975 F.3d 236, 241 (2d Cir. 2020). Generally, "acts arising out of, or related to, individual cases before the judge are considered judicial in nature." *Bliven v. Hunt*, 579 F.3d 204, 210 (2d Cir. 2009). "[E]ven allegations of bad faith or malice cannot overcome judicial immunity." *Id.* at 209. Plaintiff does not allege that any injury caused by Justice Goodstein or court staff was not "judicial in nature and an integral part of the judicial process." *Kane v. New York*, No. 22-cv-03174, 2024 WL 50969, at *3 (E.D.N.Y. Jan. 4, 2024). Thus, claims against these defendants fail.

6

B.     *Younger* Abstention

Moreover, *Younger* abstention doctrine prohibits this Court from exercising jurisdiction over plaintiff's claims related to the Matrimonial and Foreclosure Actions. *See Younger v. Harris*, 401 U.S. 37 (1971); *see also Sprint Commc'n, Inc. v. Jacobs*, 571 U.S. 69, 72-73 (2013) (extending *Younger* to state criminal prosecutions, civil enforcement proceedings and civil proceedings "that implicate a State's interest in enforcing the orders and judgments of its courts"). "Federal court intervention in an ongoing state foreclosure proceeding is generally barred by *Younger*[.]" *Haziz-Ramadhan v. Specialized Loan Servicing, LLC*, No. 23-cv-02671, 2023 WL 8003339, at *3 (E.D.N.Y. Nov. 17, 2023); *see also Manning v. City of New York*, No. 24-cv-04747, 2024 WL 3377997, at *3 (S.D.N.Y. July 11, 2024) ("*Younger* abstention is applicable to attempts to enjoin state court foreclosure proceedings, as foreclosure actions concern the disposition of real property and hence implicate important state interests[.]"). Similarly, *Younger* abstention is applicable to divorce proceedings. *Festinger v. Snitow Kaminetsky Rosner & Snitow, LLP*, No. 20-cv-09784, 2022 WL 901660, at *14–15 (S.D.N.Y. Mar. 28, 2022).

Plaintiff fails to demonstrate that any of the exceptions to *Younger* applies. Pursuant to *Younger*, federal courts may not intervene in pending state court proceedings "except in the most extraordinary circumstances and upon a clear showing of both great and immediate harm." *Xu*, 2010 WL 3238979, at *3. Plaintiff fails to make such a showing here. Plaintiff claims that she suffers great and immediate harm because the Commercial Property "remains under imminent threat of foreclosure." Compl. ¶ 93. However, the state court has not yet decided the merits of the Foreclosure Action and a hearing on the motion for summary judgment in that case is weeks away. *See* Compl. ¶ 93. Thus, plaintiff

7

fails to show that actual foreclosure is imminent—instead, her allegations "reflect[] only that the relevant state foreclosure proceeding is pending a decision on a motion for a final judgment and sale." *Kahlon v. Am. Bank*, No. 24-cv-06843, 2024 WL 4665279, at *1 (E.D.N.Y. Nov. 4, 2024). Further, plaintiff fails to establish that if the Commercial Property is improperly foreclosed upon, monetary damages would not be an adequate remedy at law. *See e.g.*, *Atlas MF Mezzanine Borrower, LLC v. Macquarie Texas Loan Holder, LLC*, No. 17-cv-01138, 2017 WL 729128, at *3 (S.D.N.Y. Feb. 23, 2017) ("[W]here a [p]laintiff's interest in the real estate is commercial, and the harm it fears is the loss of its investment, as opposed to loss of its home or a unique piece of property in which it has an unquantifiable interest, such losses are ordinarily compensable by damages[.]"). Moreover, plaintiff fails to show that the arguments she seeks to raise in this Court could not also be raised in the state court proceedings. *See Clark v. Bloomberg*, No. 10-cv-01263, 2010 WL 1438803, at *3 (E.D.N.Y. Apr. 12, 2010). Accordingly, *Younger* abstention precludes this Court's review of plaintiff's claims arising from the Matrimonial Action and the Foreclosure Action.

    C.  *Anti-Injunction Act*

Finally, plaintiff's claims seeking to enjoin enforcement of the Constructive Trust Action and Foreclosure Action are precluded by the Anti-Injunction Act. Pursuant to the Anti-Injunction Act, "[a] court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. This statute applies where "the requested injunction would [] stay the ongoing state proceedings[.]" *Kane*, 2024 WL 50969, at *2; *see also Bey v. Kings Fam. Ct.*, No. 25-cv-00809, 2025 WL 1181679, at *3 (E.D.N.Y. Apr. 23, 2025) (quoting *Vendo Co v. Lektro*

8

*Vend Corp.*, 433 U.S. 623, 630 (1977)) ("The Anti-Injunction Act functions as an absolute prohibition against any injunction of any state-court proceedings."). The Anti-Injunction Act applies to state court foreclosure proceedings. *See June v. Lansden*, No. 23-cv-01428, 2024 WL 4334378, at *3 (E.D.N.Y. Sept. 27, 2024). Excepted from the Anti-Injunction Act are claims brought pursuant to 42 U.S.C. § 1983, however, the exception will only apply where plaintiff "ma[kes] out a cognizable Section 1983 claim." *Ram v. Lal*, 906 F. Supp. 2d 59, 71 (E.D.N.Y. 2012).

Plaintiff fails to make out a plausible constitutional claim arising from prosecution of the Constructive Trust Action. Instead, plaintiff's constitutional claims are premised on Justice Goodstein and his court's staff's conduct in connection with the Matrimonial Action. *See* Compl. ¶¶ 98–112. In addition to these claims being precluded by the doctrine of judicial immunity, *see supra* note 3, plaintiff's allegations do not plausibly allege a constitutional violation in connection with the Constructive Trust Action. Accordingly, in the absence of a cognizable Section 1983 claim, the exception to the Anti-Injunction Act does not apply and plaintiff's claims to enjoin the Constructive Trust Action and Foreclosure Action are barred. *See Ram*, 906 F. Supp. 2d at 76.

\* \* \*

Because each of plaintiff's claims are precluded from review by either abstention doctrines, the Anti-Injunction Act, or the doctrine of judicial immunity, the Court is deprived of subject matter jurisdiction and plaintiff's complaint must be dismissed. *See Young Rah v. Sang Chul Lee*, No. 12-cv-07969, 2014 WL 1099812, at *5 (S.D.N.Y. Mar. 20, 2014) ("If an action is barred by the Anti–Injunction Act the District Court lacks subject matter jurisdiction and the complaint must be dismissed."); *Dean v. Doberman*, No. 21-cv-08320, 2023 WL 2480012, at *7 (S.D.N.Y. Mar. 13, 2023) ("When *Younger*

9

applies, abstention is mandatory, and its application deprives the federal court of subject matter jurisdiction."); *Miller v. County of Nassau*, 467 F. Supp. 2d 308, 312 (E.D.N.Y. 2006) (explaining that dismissal "based on a finding of judicial immunity" is for lack of subject-matter jurisdiction). Furthermore, because the Court lacks jurisdiction over plaintiff's claims, her application for a temporary restraining order or preliminary injunction must also be denied. *See Manning*, 2024 WL 3377997, at *2–3.

Because the defects in plaintiff's claims are substantive, the Court finds that amendment would be futile and plaintiff is denied leave to amend. *See Bey*, 2025 WL 1181679, at *4; *see also Haapaniemi v. TN Dep't of Motor Vehicles*, No. 23-cv-00554, 2023 WL 5002616, at *3 (E.D.N.Y. Aug. 4, 2023) ("Given that the lack of subject matter jurisdiction cannot be cured in an amended pleading, leave to amend the Complaint would be futile.").

## CONCLUSION

For the reasons stated above, plaintiff's complaint is dismissed for lack of subject matter jurisdiction Fed. R. Civ. P. 12(h)(3). Although plaintiff has paid the filing fee to initiate this action, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and, therefore, denies plaintiff *in forma pauperis* status for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of Court is respectfully directed to enter judgment, mark this case as closed, and to mail a copy of this Order to plaintiff and to note the mailing on the docket.

**SO ORDERED.**

*/s/ Natasha C. Merle*
NATASHA C. MERLE
United States District Judge

Dated:      June 26, 2025
            Brooklyn, New York